MISHKE *v.* EDDY REALTY CO.

1. CORPORATIONS—FILING ANNUAL REPORTS—STATUTES—CONSTRUC-
TION.

Since the purpose of Act No. 84, Pub. Acts 1921, in re-
quiring a corporation to file an annual report is to furnish
the public dealing with it a trustworthy source of informa-
tion as to its assets and solvency, and the purpose of
Act No. 85, Pub. Acts 1921, in likewise requiring a report
is to furnish information to enable the secretary of State
to compute the franchise tax which the corporation is
liable to pay, both reports should be filed.

2. SAME—CANCELLATION OF INSTRUMENTS—OPTIONS.

Where a corporation made no report to the secretary of
State in July or August, 1924, as required by section 5,
chap. 2, pt. 5, Act No. 84, Pub. Acts 1921, its corporate
powers were suspended, and, therefore, an option agree-
ment to purchase land thereafter given to it by the owner
was void, and in a suit by him for its cancellation he was
entitled to a decree.

ON REHEARING.

3. SAME—FAILURE TO FILE REPORT SUSPENDED CORPORATE POWERS
—CONTRACTS VOID.

[1]Corporations, 14a C. J. § 2201 (Anno); [2]Id., 14a C. J. § 2201
(Anno); [3]Id., 14a C. J. § 2201 (Anno).

powers were suspended and all contracts thereafter entered
into by it were void.

Appeal from Wayne; McPeek (Russell R.), J., pre-
siding.    Submitted April 6, 1926.    (Docket No. 13.)
Decided October 4, 1926.    Reargued April 5, 1927.
Former opinion affirmed February 14, 1928.

Bill by Michael Mishke against the Eddy Realty Com-
pany for the cancellation of an optional land contract,
and to quiet title to land.    From a decree dismissing
the bill, plaintiff appeals.    Reversed.

*Benjamin, Betzoldt & Bassett,* for plaintiff.

*Campbell, Bulkley & Ledyard (Selden S. Dickinson,*
of counsel), for defendant.

*Andrew B. Dougherty,* Attorney General, *Clare
Retan,* Deputy Attorney General, and *Donald W. Ses-
sions,* Assistant Attorney General, *Mark Norris, G. A.
Wolf, Clare J. Hall,* and *Stevenson, Butzel, Eaman &
Long, amici curiæ.*

BIRD, C. J.    On October 4, 1924, plaintiff gave de-
fendant an option agreement to purchase 37 acres of
land which he owned in the township of Redford,
Wayne county, for $1,600 an acre.    Within a few days
thereafter plaintiff rescinded the option agreement and
tendered back the amount that had been paid thereon,
claiming that he was defrauded in the making of the
agreement.    He then filed this bill to cancel the option
agreement and quiet his title.    Defendant answered,
denying the fraud, and praying for affirmative relief.
    At the hearing plaintiff contended:

(1) That the option agreement was of no legal force
because the defendant corporation was in default in
filing its 1924 annual corporation report, and did not
file it until after the option agreement was made.
    (2) Because the defendant failed to exercise its right

under said option within the time specified in the agreement.

(3) Because said option agreement was obtained by overreaching, and, therefore, void.

The trial court denied the relief prayed for and dismissed plaintiff's bill.     He appeals, and makes the same contentions in this court.

Defendant company was organized in June, 1924, and filed its articles with the secretary of State on June 14th.     It made no report in July or August, 1924, in compliance with Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053 [1] *et seq.*).     Section 5, chap. 2, pt. 5 (Comp. Laws Supp. 1922, § 9053 [173]), of that act provides:

"SECTION 5.     Every corporation organized for pecuniary profit, including every foreign corporation admitted to carry on business in this State, shall annually, in the month of July or August, make duplicate reports showing the condition of such corporation on the thirtieth day of June, next preceding, on suitable blanks to be furnished by the secretary of State, as hereinafter provided.     Such report shall furnish the secretary of State with all information and facts necessary for the computation of the annual franchise fee provided for by law.     The secretary of State is hereby authorized to require of any corporation any additional information that may be needed after the filing of its annual report for the purpose of computing such fee. Such report shall state the amount each of common and preferred capital stock authorized, and the amount thereof, subscribed for, and the amount thereof actually paid in cash, and the amount thereof paid in property; the total value as near as may be estimated of all property owned by the corporation; the value of different items or classes of property as follows: Real estate used in its business; real estate not used in its business; goods, chattels, merchandise, material and other tangible property; patent rights, trade marks and formulas; good will; and all other property including surplus, reserve funds and sinking funds, specifying the kind; value of all credits owing to the corporation; the amount of debts of the corporation; the name and

postoffice address of each officer and director of the corporation, and such other information as the secretary of State may require." * * *

For a failure to comply with this section the act (§ 6) provides the following penalty:

"If any corporation neglects or refuses to make and file the reports required by this chapter within the time herein specified, and shall continue in default for ten days thereafter, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain an action in any court of this State upon any contract entered into during the time of such default." * * *

The defendant answered this contention by saying that Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [1] et seq.), provided for a similar report to be made and filed in the month of July and August, and, therefore, it was improbable that the State intended both reports should be made and filed, and, inasmuch as the legislature amended Act No. 85 (Act No. 233, Pub. Acts 1923), it impliedly repealed the requirement for a report in Act No. 84. The provision for an annual report in Act No. 85 (Comp. Laws Supp. 1922, § 11361 [9]) follows:

"SECTION 7. Every corporation, for profit, whether domestic or foreign, authorized or admitted to do business within this State, excepting only railroad companies and interurban railroad companies, and telephone and telegraph companies, and foreign insurance companies, shall, in the month of July or August of the year nineteen hundred twenty-one and annually thereafter in the same months, file a report with the secretary of State, showing its condition at the close of business upon the thirtieth day of June next preceding the filing of such report, which report shall be upon a form to be prescribed by the secretary of State, and shall contain, among other statements, the name of the corporation, place of doing business either within or without the State, the names and addresses of its officers and directors, the amount of

authorized capital stock, and the number of shares of each class authorized, the capital stock subscribed, and paid for, and the par value of each kind of shares authorized; the market value of and the price fixed by the corporation for the sale of its shares of no par value, if any; the nature and kind of business in which such corporation is engaged, and the nature, location and value of the property owned and used by the corporation both in and without Michigan, given separately; and a complete and detailed statement of the assets and outstanding liabilities of the company."

The penalty for its violation is:

"SECTION 10.   In case any corporation required to file the report and pay the fee or fees prescribed in this act shall fail or neglect to make such report within the period required by law, such corporation shall, in addition to its liability for such privilege fee and interest thereon, be subject to a penalty of one hundred dollars, and an additional penalty of five dollars for each day's continuance of such failure or neglect, which penalty or penalties shall be collected in an action to be instituted by the attorney general of this State as prescribed by law."   *   *   *

Act No. 84, Pub. Acts 1921, is the general incorporation act, providing for the creation of corporations. It required annual reports in July and August of the condition of its business on June 30th preceding, and added a penalty for the failure to comply with it.

At the same legislative session it passed Act No. 85.   This is a law providing for a franchise tax.   This act required a report to be filed in July or August of its condition on June 30th preceding.

The argument is made that one report satisfies both of these acts.   We cannot concur in that view.   The report required in Act No. 84 is the usual report that has always been required by our incorporation acts, and its purpose is to furnish the public dealing with it a trustworthy source of information as to its assets and solvency.   The report which is required by Act No. 85 is for a totally different purpose.   It is for

the purpose of furnishing information to enable the secretary of State to compute the tax which the corporation shall be liable to pay.     A close comparison of the respective reports will disclose a marked difference in the things to be reported.     It is quite evident, however, that section 5 of Act No. 84 and section 7 of Act No. 85, by some accident, became interchanged before passage, as the data required by section 7 of Act No. 85 is not full enough to enable the secretary of State to compute the tax without great difficulty.     The data required by section 5 of Act No. 84 is amply sufficient for that purpose.     It would, therefore, follow if either requirement is to be eliminated and only one report made the requirement of Act No. 84 should be retained instead of the requirement of Act No. 85.

Defendant points to the following provision of section 5 of Act No. 84 as an evidence of its faith that only one report was intended:

"Such report shall furnish the secretary of State with all information and facts necessary for the computation of the annual franchise fee provided for by law."

This provision is in both laws.     It would hardly have been required in Act No. 84 if the legislature had not intended that a report should be made.     Had the legislature intended only one report it would have been just as easy to have inserted a provision that any corporation making a report under Act No. 85 should be excused from making one under Act No. 84.

Another difficulty presents itself with regard to the penalties imposed.     The penalty imposed for a violation of Act No. 84 is materially different than that imposed for a violation of Act No. 85.     When the question arises, as it does here, or when the attorney general is a party, which penalty will the court apply?

But all this is not very important.     To say, because both acts require similar data, that one report shall

be eliminated, is an easy way to dispose of a legislative enactment, but it will hardly do.    The legislature incorporated section 5 of Act No. 84 into the law, and since its enactment it has had two sessions, 1923 and 1925, but it left that section untouched, although it made a slight amendment to section 7 of Act No. 85. The mere fact that it is a hardship for corporations to make two reports when one might suffice furnished no reason for an amendment of the law by the courts. If the legislature had intended only one report for both acts it would have, undoubtedly, said so at these subsequent sessions.

In view of our conclusion on this question it will be unnecessary to discuss the other two questions raised. Inasmuch as it was conceded that the defendant was in default when the option agreement was made the court should have declared the option agreement void.

The decree will be reversed.    No costs will be awarded either party.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

### ON REHEARING.

PER CURIAM.    The views of the court as to the effect to be given the requirements that corporations file reports found in section 5, chap. 2, pt. 5, Act No. 84, Pub. Acts 1921, and section 7, Act No. 85, Pub. Acts 1921, as amended by Act No. 233, Pub. Acts 1923, are set forth in *People* v. *Robinson, ante,* 497, and it is not necessary to reiterate them here.    In the instant case the defendant filed no report with the secretary of State until November 23, 1924.    The option here involved bears date October 4, 1924, and ran for 30 days and was recorded by defendant on October 30th.    Defendant seeks to excuse its default by pointing to the fact that the act of 1923, above cited, in section 7 requires corporations to

* * * "file a report with the secretary of State showing its condition at the close of business upon the thirty-first day of December or upon the date of the close of its fiscal year next preceding the filing of such report."

It further points out that it was not a corporation on the 31st of December preceding, having been organized in June, 1924, and, therefore, the law required of it the impossible. Doubtless this would be a good excuse for its failure to state its condition as of December 31st preceding, but it is not a sufficient excuse for its failure to furnish other information required by law.

We, therefore, reach the same conclusion we did before, that the decree should be reversed and one entered in conformity with the prayer of plaintiff's bill. No costs will be allowed on the rehearing.