THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PÉREZ & MAMARY, INC., Defendant and Appellant.

No. 15059.    Argued June 1, 1951.—Decided June 11, 1951.

*Eugenio Sánchez Ruiz* for appellant.    *Víctor Gutiérrez Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. ACTING CHIEF JUSTICE TODD, JR., delivered the opinion of the Court.

The Corporation Pérez y Mamary, Inc. was sentenced to pay a fine of $500 for a violation of § 25 of the "Act to Establish a Law of Private Corporation," as amended by Act No. 154 approved May 11, 1948 (Sess. Laws, p. 358), and which in its second paragraph, insofar as pertinent, provides:

"Every such corporation shall file in the office of the Treasurer of Puerto Rico, *annually* and not later than March fifteenth, *a report* authenticated by the signature of the president and one other officer or by any two directors, revised and audited by a public accountant or a certified public accountant who is not a stockholder nor an employee of said corporation, *showing a true and exact general balance sheet showing its financial condition as of the first of the preceding month of January, and* a true and exact *report* giving a general balance sheet showing its true financial condition *at the end of the past fiscal year* and giving a statement of its income or manufacturing account *for said fiscal year* and in such detail as the Treasurer of Puerto Rico may require. ..."    (Italics ours.)

The only error assigned in this appeal is to the effect that the lower court erred in finding the appellant guilty notwithstanding that the evidence discloses that the corporation had not been in existence for one year on March 15, 1950.

The evidence showed that the corporation Pérez y Mamary, Inc. was registered in the office of the Executive Secretary of Puerto Rico on July 19, 1949; that on March 15, 1950 it did not file in the office of the Treasurer of Puerto Rico the reports required by the second paragraph of § 25, report on May 9, 1950.

Appellant's contention is to the effect that due to the fact that a year had not elapsed since the corporation was registered in the office of the Executive Secretary of Puerto Rico, it was not bound to file with the Treasurer of Puerto Rico the reports required by the second paragraph of § 25, *supra*, inasmuch as said Section provides that the reports shall be filed "annually." This is true, but the scope given by the appellant to said word in the sense that it could not comply with the obligation imposed upon it by the Act to file the reports because the corporation had not been in existence for one year, is incorrect. The second paragraph of the aforesaid Section requires the filing, on or before March 15, with the Treasurer, of two reports: (1) a true and exact general balance sheet showing its financial condition as of the *first of the preceding month of January*, and (2) a true and exact report giving a general balance sheet showing its true financial condition *at the end of the past fiscal year*. As testified by the Chief of the Division of Corporations of the Department of Finance, the first report, to wit, that of the financial condition of the corporation to January first, is required in order to compute the assessment of property on January 15. Indeed that is the date fixed by § 295 of the Political Code for the assessment of real and personal property. Hence, it makes no difference that the appellant had not been organized for a year. It was

its duty to file the report of its financial condition from July 19, 1949 to January 1, 1950, even though it could not render the second report as to its financial condition at the end of its past fiscal year on the ground that a year had not elapsed since its incorporation, if in fact its fiscal year ended on such a date.

In *Mishke* v. *Eddy Realty Co.*, 217 N.W. 900 (Mich., 1928) there arose a situation similar to the one at bar and it was held that the fact that a corporation was organized in June 1924 was a good excuse for its failure to file a report stating its financial condition as of December 31 preceding, but it was not a sufficient excuse for its failure to file its annual report in July or August 1924 furnishing other information required by law.

The judgment will be affirmed.