EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* PÉREZ & MAMARY, INC., acusada y apelante.

Núm. 15050.—*Sometido:* Junio 1, 1951. *Resuelto:* Junio 11, 1951.

*Eugenio Sánchez Ruiz*, abogado de la apelante; *Hon. Procurador General Víctor Gutiérrez Franqui y J. Rivera Barreras, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE INTERINO SEÑOR TODD, JR., emitió la opinión del tribunal.

La corporación Pérez y Mamary, Inc. fué sentenciada a pagar una multa de $500 por una infracción a la sección 25 de la "Ley para Poner en Vigor una Ley de Corporaciones Privadas" según quedó enmendada por la Ley núm. 154 aprobada el 11 de mayo de 1948 (Leyes de Puerto Rico, 1948, pág. 359) y la cual en su segundo párrafo, en lo pertinente, dispone:

"Cada una de dichas corporaciones presentará en la oficina del Tesorero de Puerto Rico *anualmente* y no más tarde del 15 de marzo *un informe* autenticado con las firmas del presidente y de otro oficial o con las de dos de sus directores, revisado y auditado por un contador público o un contador público autorizado que no sea accionista ni empleado de tal corporación, *conteniendo un balance general, correcto y exacto, demostrativo de su condición económica en primero de enero anterior, y un informe* correcto y exacto conteniendo un balance general demostrativo de su verdadera condición económica *a la terminación de su año económico anterior,* y expresando su ingreso o cuenta de fabricación *correspondiente a dicho año económico,* y con los detalles que el Tesorero de Puerto Rico requiera. ...." (Bastardillas nuestras.)

El único error señalado en este recurso es al efecto de que la corte inferior erró al declarar culpable a la apelante no obstante aparecer de la prueba que la corporación no tenía un año de existencia para el 15 de marzo de 1950.

La prueba demostró que la corporación Pérez y Mamary, Inc. fué registrada en la oficina del Secretario Ejecutivo de Puerto Rico el 19 de julio de 1949; que el 15 de marzo de 1950 no presentó en la oficina del Tesorero de Puerto Rico el informe requerido por la sección 25, supra; que sí radicó dicho informe el día 9 de mayo de 1950.

La contención de la apelante es al efecto de que por el hecho de que no había transcurrido un año desde que la corporación fué registrada en la Secretaría Ejecutiva de Puerto Rico no venía obligada a radicar con el Tesorero de Puerto Rico los informes requeridos por el párrafo segundo de la sección 25, supra, ya que dicha sección dispone que los in-

formes se radicarán "anualmente". Esto es cierto, empero el alcance que le da la apelante a dicha palabra en cuanto a que la obligación que le impone la ley de rendir los informes no podía cumplirla por no tener un año de existencia la corporación es incorrecto. El segundo párrafo de la mencionada sección requiere la radicación, en o antes del 15 de marzo, con el Tesorero, de dos informes: (1) un informe conteniendo un balance general, correcto y exacto, demostrativo de su condición económica en *primero de enero anterior*, y (2) un informe correcto y exacto conteniendo un balance general demostrativo de su verdadera situación económica *a la terminación de su año económico anterior*. Según declaró el Jefe de la División de Corporaciones del Departamento de Hacienda, el primer informe, o sea el de la condición económica de la corporación al primero de enero se requiere con el fin de poder fijar la tasación sobre la propiedad el día 15 de enero. En efecto ésa es la fecha que señala el artículo 295· del Código Político para efectuar la tasación sobre la propiedad inmueble y mueble. Siendo esto así, no importa que la apelante no tuviera un año de constituída. Era su obligación radicar el informe de su condición económica desde julio 19 de 1949 a enero primero de 1950, aun cuando no pudiera rendir el segundo informe en cuanto a su condición económica a la terminación de su año económico anterior por no haber transcurrido un año desde su constitución, si es que su año económico terminaba para esa fecha.

En el caso de *Mishke* v. *Eddy Realty* Co., 217 N.W. 900 (Mich., 1928) surgió una situación similar a la del presente y se resolvió que el hecho de que una corporación fué organizada en junio de 1924 constituía una excusa válida para no radicar un informe en cuanto a su condición económica el 31 de diciembre anterior pero no constituía una excusa suficiente para no radicar su informe anual en julio o agosto de 1924 sobre otra información requerida por la ley.

*Debe confirmarse la sentencia.*