Bosworth, J.
This case comes before the court on a demurrer to the complaint. The plaintiff is a married woman, and brings the action to recover damages for slanderous words spoken of her by the defendants, whereby, as it is alleged, special damage has resulted; such as that her husband has been alienated from her, the support theretofore given her by her said husband has been withdrawn, and whereby she has been often deprived of food, raiment, and the necessaries of life; and that parties have refused to employ her, and pay her for her services, which they otherwise would have done.
The demurrer assigns for cause, that the husband is not a party, and is a necessary party plaintiff. 4
Beach v. Ranney, 2 Hill, 309, expressly decides two points.
First, That when the words are actionable per se, the husband must be joined with the wife as a party plaintiff.
Second, That where the words are not actionable per se, the husband must sue alone.
The husband is bound by law to provide support and maintenance for the wife. If she is deprived of the gratuitous aid of friends in consequence of the slander, the damage, in a legal point of view, results to the husband. In judgment of law, no damage results to her, unless she has been injured in her property or person. If the words are actionable p&r se, damage may result to her, but the action must be in the name of herself and husband. If actionable only by reason of special damage, the damage results to the husband and not to the wife.
The Code has not changed the rule in relation to parties, or the law arising on such a state of facts, as formed the grounds of adjudication in Beach v. Ranney, Code, 114.
The defendant is entitled to judgment. The plaintiff may amend the complaint within twenty days, both as to parties, and as to allegations of facts, on payment of the costs of the demurrer.
Approved on consultation.