## ENDERS v. BECK.

1. **Parties:** SLANDER. Under the Revision of 1860, as at common law, the husband is a necessary party, jointly with the wife, in an action for the slander of the wife; certainly when the words are actionable *per se*.

2. **Abatement:** PLEA OF. When a defect of parties is apparent upon the record, it may be taken advantage of by demurrer; when not thus apparent, it must be set out in the answer. When set out in the answer, it is a question for the consideration of the jury, and cannot be determined by the court upon motion based upon but a part of the evidence.

*Appeal from Dubuque District Court.*

WEDNESDAY, DECEMBER 21.

WRIT of error to a justice of the peace. Judgment for defendant, and plaintiff appeals. The further facts will be found stated in the opinion.

*Frederick Gottschalk* for the appellant.

*E. McCeeny* for the appellee.

COLE, J. — The defendant, in the writ of error, sued the plaintiff in said writ, before a justice of the peace, for slander, in saying of the plaintiff in such suit that she was a thief and had stolen certain property of the defendant therein, and claimed one hundred dollars damages. The defendant in that suit, for answer, first, denied each and every allegation of the petition; and second, averred that plaintiff was a married woman, and was so before and at the bringing of the suit, and lived then and now lives with her husband.

The cause was tried by a jury, and the plaintiff therein, Agatha Beck, being sworn as a witness, testified that she was a married woman and lived with her husband. Thereupon the counsel for defendant therein, Joseph Enders, moved the justice to dismiss the cause, on the ground that

the plaintiff, being a married woman and living with her husband, should have joined him as party plaintiff with her in the action. The justice overruled the motion and proceeded with the trial, which resulted in a verdict and judgment in favor of plaintiff. The defendant therein sued out this writ of error, and the only question is as to the correctness of the ruling of the justice on the defendant's motion to dismiss under the circumstances stated.

I. Under the Revision, as at common law, the husband is a necessary party, jointly with the wife, in an action for *1. PARTIES: slander.* the slander of the wife, certainly when the words are actionable *per se.* Revision of 1860, § 2771; *Klein* v. *Hentz,* 2 Duer, 633 ; *Beaumont* v. *Miller,* cited Stanton's Ky. Code, 42.

II. Where a defect of parties is apparent on the face of *2. ABATE-MENT: plea of.* a pleading, it may be taken advantage of by demurrer. Rev., § 2876. But where it is not thus apparent, it may be taken advantage of by way of matter of abatement stated in the answer, either together with, or without other causes of defense in bar. Rev., § 2969. Where matter in abatement is plead in connection with other matter not such, the finding of the court or jury must show on which it is based, and the judgment rendered accordingly. Rev., § 3124. The defect of parties not being apparent on the petition before the justice, it was properly sought to be taken advantage of by answer. That was one of the issues which the jury was called to try, and it was properly submitted to them. It would have been most unwarrantable for the justice to have taken that issue from the jury, and to have disposed of it on motion after the testimony of one witness only was introduced, or at any other time. The justice very properly overruled the motion, and left that issue, with the one in bar, to the jury. The only remedy for the defendant, if there was error in the verdict, was by appeal. Affirmed.