## McCORMICK ET AL. v. BLOSSOM.

1. **Parties:** DEFECT OF: DEMURRER. A defect of parties, apparent on the face of the petition, can only be assailed by demurrer.

2. **Pleading:** CONSTRUCTION. A pleading is presumed to refer to existing conditions. An allegation that a party was entitled to dower, without specifying the time when the right attached, was *held* to mean that she was entitled to the dower estate recognized by law at the time the pleading was filed.

3. **Practice:** PLEADING: PARTIES. An answer alleging a defect of parties plaintiff is in the nature of a plea in abatement, and tenders an issue to be tried; it does not authorize a dismissal upon a refusal to make new parties.

*Appeal from Dubuque District Court.*

FRIDAY, MARCH 19.

ON the 25th day of February, 1873, the plaintiffs filed their petition, claiming of defendant one thousand dollars for

filling up and destroying a sewer, thereby turning the water from rains and melting snows upon part of a lot in the city of Dubuque, the property of plaintiffs. The petition alleges that plaintiffs own the property as tenants in common, subject to the dower interest of Ellen Levins, as widow of Henry McCormick, deceased, and that she has instituted proceedings to have her dower in said premises admeasured, which action is still pending.

The defendant answered, alleging amongst other things that the property in question is the homestead of Ellen Levins, and that she is the owner of the undivided one-third of whatever portion may belong to plaintiffs, and that by virtue of the homestead right and the ownership of one-third, she is entitled to whatever damages may have accrued, and plaintiffs cannot maintain this action. Upon the issues thus joined the cause was brought to trial before a jury, and Ellen Levins testified on behalf of plaintiffs that she was their mother, and the widow of Henry McCormick, their father, who died in 1863. The defendant thereupon amended his answer, alleging that there is a defect of parties plaintiff in this, that Ellen Levins, widow, and next friend of plaintiffs, is a necessary party plaintiff, because she is the owner of one undivided one-third in fee simple of whatever of the property described belongs to plaintiffs; and is the owner of the property, it being her homestead, and it was hers when the injuries complained of were committed.

The defendant then filed a motion that the court dismiss the case, or rule the plaintiffs to continue and bring Ellen Levins in as co-plaintiff in her own right.

The court sustained the motion, and, the plaintiffs declining to make Ellen Levins a party, dismissed the action without prejudice. The plaintiffs excepted and appeal.

*Graham & Cady* and *H. T. McNulty*, for appellants.

*H. B. Fouke*, for appellee.

Day, J.—A party may demur to a petition where it appears upon its face that there is a defect of parties, plaintiffs or defendants. Revision, § 2876; Code of 1873, § 2648.

When any of the matters enumerated as grounds of demurrer do not appear on the face of the petition the objection may be taken by answer. If no such objection is taken, either by demurrer or answer, it shall be deemed waived. A dilatory defense is not favored, and the party who is entitled to avail himself of it must interpose it promptly, and in the manner required.

1. PARTIES: defect of: demurrer.

From the above statutes it is apparent that a party is authorized to make the objection of a want of parties in the answer, only when the defect does not appear on the face of the petition. If the defect is apparent upon the face of the petition the objection can be taken only by demurrer. See *Dennison v. Dennison,* 9 Howard Pr. R., 246; *Zabriskie v. Smith,* 13 N. Y., 322; *Bidwell v. Astor Ins. Co.,* 16 N. Y., 266; *Merrit v. Walsh,* 33 N. Y., 685; *De Puy v. Strong,* 37 N. Y., 372.

Appellee claims, however, that as to the dower interest of Ellen Levins, the petition does not show that it was an estate in fee, and that that fact was not disclosed until she testified upon the trial. The position is not sound. The dower interest, at the time the petition was filed, was an estate in fee, and had been for eleven years. See Chap. 152, Laws Ninth General Assembly. The presumption is that the petition referred to conditions existing at the time it was filed, rather than to conditions which had ceased to exist many years before. When the petition alleged that Ellen Levins was entitled to dower, and was silent as to the time when the dower right attached, it alleged in effect that she was entitled to the kind of dower estate at the time recognized by the law. The defect of parties, so far as the same arises from the dower estate, was apparent upon the face of the petition, and the objection, not having been taken by demurrer, is waived.

2. PLEADING: construction.

II. The answer also alleges a defect of parties, because the

property in question is the homestead of Ellen Levins. It **3. PRACTICE:** may be conceded that this defect does not appear **pleading:** upon the face of the petition, and that it was **parties.** properly raised by answer. The answer is in the nature of a plea in abatement. It presented an issue to be tried in the ordinary way. Rev., §§ 2969 and 3124; Code of 1873, §§ 2732 and 2851. The court had no right, upon the mere filing of the answer, to dismiss the cause of action. *Enders v. Beck,* 18 Iowa, 86. This position is also applicable to the defense considered in the first branch of this opinion.

REVERSED.