IRVINE & MEIER *v*. WIENNER.

1. CORPORATIONS—FILING ANNUAL REPORT—DEFAULT—RIGHT TO ENFORCE LIEN.

In proceedings by a corporation to enforce a mechanics' lien, where it appears that at the time the contract was entered into plaintiff was in default in filing its annual report for the previous year with the secretary of State, the trial court properly ruled that under 2 Comp. Laws 1915, § 9028, plaintiff was not entitled to any relief in the courts, although said report was filed before this suit was commenced.

2. SAME—PLEADINGS—DEFENSES.

*Held*, that said defense was properly raised by the answer of defendants.

3. SAME—PENAL STATUTE—DEFENSES—WAIVER.

Without passing upon the question as to whether defendants could waive the provisions of said penal statute, which was passed in the interest of the public good, *held*, that the record fails to show any acts of defendants which would amount to a waiver of their right to insist upon the provisions of said statute.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted October 12, 1920. (Docket No. 84.) Decided December 21, 1920.

Bill by Irvine & Meier, a corporation, against Harris Wienner and others to enforce a mechanics' lien. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Behr & Coolidge*, for plaintiff.

*Beckenstein & Wienner*, for defendants.

BIRD, J. Plaintiff, a Michigan corporation, entered into a written contract with defendants Wienner and Cain on the 14th day of October, 1916, to install cer-

tain plumbing and heating in an apartment which they were erecting on Tuxedo avenue in the city of Detroit. Plaintiff claims that it finished the work in April, 1917. Failing to receive its pay in full it filed a lien on the premises on June 2, 1917, for the sum of $1,280.71. On September 25, 1917, this bill was filed to enforce the lien. Plaintiff was met at the outset with the objection that it had not filed with the secretary of State its annual report for the year 1915, and in consequence thereof could not recover on the contract. Another defense made was that the work had not been properly executed, but the case went off on the first defense, the chancellor holding that plaintiff's contract having been made while it was in default it came under the ban of the statute and no relief could be granted.

It appeared upon the hearing that plaintiff did not make and file its annual report with the secretary of State for the year 1915, in the months of January or February, 1916, as the statute commands, but did file it on March 5, 1917, together with its reports for the years 1913, 1914 and 1916. The case then which is presented for our consideration is this: Plaintiff was in default for failure to file its 1915 report, when the contract was made on October 14, 1916, but was not in default when the bill was filed to enforce the lien on September 25, 1917. Under these facts was the chancellor right in holding that no relief could be granted the plaintiff?

1. A solution of the question calls for a construction of the following provision:

"If any corporation neglect or refuse to make and file the reports required by this section within the time herein specified, and shall continue in default for ten days thereafter, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain an action in any court of this State upon any contract entered into during the time

of such default." * * * 2 Comp. Laws 1915, § 9028.

Plaintiff argues that it was not the purpose of the legislature to make such contracts void, but merely to suspend the right of enforcement during the period of default. This view is a plausible one, but we are not persuaded that the language will permit of that construction. There are several reasons which incline us to the view that the inhibition against enforcement was intended to be perpetual. Some of them are:

*a.* The language of the statute taken in its common and ordinary meaning would preclude any recovery thereon.

*b.* Because this view is consistent with the first penalty imposed. If plaintiff's power to contract was suspended it is not clear how it could, during the period of suspension, make a contract which would ever have any validity.

*c.* It is obvious that the prepositional phrase "during the time of such default" modifies either the verb "maintain" or the verb "entered into." If it modifies "maintain" it is clear that the inhibition against enforcement continued only during default, but if it modifies "entered into" it is equally clear that the inhibition is perpetual. Under the rule that modifying clauses should be placed as near as consistent to the words which they modify, we must conclude that it was intended the phrase should modify the words "entered into."

*d.* Two penalties are imposed in this section for the failure of a corporation to file its annual report, namely: A suspension of corporate powers and a denial of the right to enforce its contracts. The first named penalty is to continue until the report is filed. If the legislature had intended that the inhibition against enforcement of contracts should be only temporary, may we not assume that it would have added

a limitation as it did to the former penalty, by repeating the words "until it shall file such report," or other words of similar import?

  *e.* A glance at the former legislation on this subject discloses that the legislation has been steadily, for several years, growing more drastic. The obvious reason for this was to compel prompt filing of annual reports. With the legislature in this frame of mind when this legislation was passed, it is hardly conceivable that it intended only a temporary suspension of the right to enforce contracts, as that would be but mild punishment for its default. Under this view a corporation could continue to be lax with reference to its annual report, and in the event it desired to sue upon its contract it could then file its report and its atonement would be complete.

Our conclusion is that the chancellor was right in holding that the contract had no validity and, therefore, no relief could be granted.

The point is also made in this connection by plaintiff that this question is not properly raised by the pleadings. We are satisfied, from an examination of the answer, that it fairly makes this question an issue.

2.· It is finally argued that because defendants continued to deal with plaintiff after the annual reports were filed, and also attempted to adjust their differences with him, they waived their right to insist upon the provisions of the statute. Passing over the question whether defendants could waive the provisions of a penal statute which was passed, not for the benefit of the individual but in the interest of the public good, we are unable to find in the record any acts of defendants which would amount to a waiver of their right to insist upon the provisions of the statute.

The decree is affirmed, with costs to the defendants.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.