DETROIT UNITED FRUIT AUCTION CO. *v.* KROGER GROCERY & BAKING CO.

CORPORATIONS — CONTRACT MADE WHILE IN DEFAULT IN FILING REPORT VOID.

A contract entered into by a corporation while its corporate powers were suspended by reason of its failure to file its annual report with the secretary of State as required by 2 Comp. Laws 1915, § 9028, was unlawful, under said statute, at the time it was made, and continued unlawful notwithstanding the report was later filed and the statute imposing the penalty was repealed.

Case-made from Wayne; Goff (John H.), J. Submitted May 2, 1924. (Docket No. 109.) Decided June 2, 1924.

Assumpsit by the Detroit United Fruit Auction Company against the Kroger Grocery & Baking Com-

pany for goods sold and delivered.    Judgment for plaintiff.    Defendant appeals.    Reversed.

*Frank C. Cook* and *John P. O'Hara,* for appellant.

*P. L. Jorgenson,* for appellee.

MCDONALD, J.    The Detroit United Fruit Auction Company is a corporation organized under the provisions of Act No. 232 of the Public Acts of Michigan for the year 1903 (2 Comp. Laws 1915, § 9017 *et seq.*). The Kroger Grocery & Baking Company is an Ohio corporation duly authorized to do business in the State of Michigan.    The action is in assumpsit to recover the sale price of 330 boxes of grape fruit at $3.50 a box and terminal charges amounting to $16.50.    The plaintiff claims that the grape fruit was sold to the defendant on April 5, 1917, and delivered on April 6, 1917.    The total amount of its claim was $1,171.50.

The defendant pleaded two special defenses, *first,* that there was no delivery of the goods described in the declaration, and *second,* that at the time of the sale the plaintiff corporation was in default for not having filed its report with the secretary of State as required by section 9028, 2 Comp. Laws 1915, and that, therefore, it could not maintain its action.

On the trial the defendant offered in evidence a certified copy of the plaintiff's report to the secretary of State showing that it was filed in his office on the 16th day of April, 1917.    The court excluded the evidence on the ground that it was irrelevant, immaterial and incompetent.    At the close of the proofs the defendant moved for a directed verdict in its favor.    This motion was denied.    The plaintiff received a verdict for $1,554.07.    The defendant then moved for a new trial, the principal ground being that the court was in error in excluding evidence of the plaintiff's failure to file its report with the secretary

of State, and in holding that it could maintain its action notwithstanding that the sale was made while its right to do business was suspended by operation of the statute. To the denial of the motion exceptions were taken. Judgment was entered on the verdict. The defendant brings error.

At the time of the contract for the sale of the goods in question the law then in effect required the plaintiff corporation to file its report annually with the secretary of State in January or February.

"If any corporation neglect or refuse to make and file the reports required by this section within the time herein specified, and shall continue in default for ten days thereafter, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain an action in any court of this State upon any contract entered into during the time of such default." 2 Comp. Laws 1915, § 9028.

The plaintiff did not file its report for the year 1916 until April 16, 1917. The contract in question was made on the 5th of April, 1917, at which time the plaintiff's corporate powers were suspended and it could not make a legal contract. If the penal clause of the statute above quoted is to be applied to these facts, it must be held that the plaintiff cannot maintain its action unless we accept the view of the circuit judge, who was of the opinion that the law imposing the penalty had been repealed at the time of the trial and that the repeal, coupled with the fact that the report was on file at that time, had the effect of giving validity and legal existence to the contract. We cannot accept this view. The contract upon which the action is based was unlawful at the time it was made. It is still unlawful. The question is ruled by *Irvine & Meier* v. *Wienner*, 212 Mich. 199, in which case this court held that, while the power to contract was suspended, the defaulting party could not make a contract which would ever have any validity, that

the inhibition imposed by the statute against enforcement continued not only during default but for all time.    In the instant case the contract sued upon had no legal existence.    The action cannot be maintained.

The judgment of the circuit court is reversed, with costs to the defendant.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.