## L. J. BARRY COAL CO. *v.* HOUGHTEN.

1. CORPORATIONS—REPORTS—MISTAKES—CONSTRUCTION OF STATUTES. Statute relative to the filing of corporate reports should be liberally construed to the end that innocent mistakes requiring correction or explanation will not result in confiscation and in the annulment of valuable rights resulting from suspension of corporate powers (Act No. 327, §§ 82, 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933; Act No. 13, § 3, Pub. Acts 1935).

2. SAME—SUSPENSION OF POWERS—REPORTS—FEES.

   Option to purchase realty, given corporation which had made its last annual report properly and tendered full amount of tax due as finally accepted by the State *held*, valid, notwithstanding that before acceptance corporation's bookkeeper's embezzlement and resulting confusion in books had made it appear for a time that report and fee were both unacceptable and caused official administering corporation law to declare corporation's powers were suspended pending filing of proper reports (Act No. 327, §§ 82, 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933; Act No. 13, § 3, Pub. Acts 1935).

3. SAME—FILING REPORTS—PAYMENT OF ANNUAL PRIVILEGE FEES—SUBSTANTIAL COMPLIANCE.

   A corporation's failure to comply substantially with the statute relative to filing of annual reports and payment of annual privilege fee results in the suspension of the power of the corporation to sue but where substantial compliance with the statutes has been had corporate powers may not be suspended therefor (Act No. 327, §§ 82, 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933; Act No. 13, § 3, Pub. Acts 1935).

Appeal from Wayne; Chenot (James E.), J. Submitted October 12, 1937. (Docket No. 89, Calendar No. 39,713.) Decided December 15, 1937.

Bill by L. J. Barry Coal Company, a Michigan corporation, against Robert Houghten and wife to restrain the prosecution of a suit and for other relief. Bill dismissed. Plaintiff appeals. Reversed and remanded.

*Stanley S. Krause* and *Starr & Bessman* (*Isadore Starr*, of counsel), for plaintiff.

*Rowland M. Connor*, for defendant.

BUTZEL, J. The L. J. Barry Coal Company brought suit against Robert and Elizabeth Houghten to restrain the prosecution of a suit brought by de-

fendants against the plaintiff before the circuit court commissioner to regain possession of real estate occupied by plaintiff under a lease. Plaintiff claimed right to possession because of a written option to purchase the property, given on December 6, 1935. We are only concerned in the present suit with the question whether plaintiff's corporate rights were suspended at the time the option was given so that it could not make an enforceable contract, and whether it had the power to bring the instant suit.

On September 10, 1935, the Barry Coal Company mailed its annual report, accompanied by its check for $27, the amount plaintiff claimed to be due for franchise fees, to the Michigan corporation and securities commission, hereinafter referred to as the commissioner. The check was duly cashed and never returned to plaintiff. No objection had been made to the amount paid or the report when the option was given on December 6, 1935. It is quite evident, however, that on March 9, 1936, the report was returned to the corporation with a letter stating that the amount of the tax remitted was insufficient and that an additional $57.50 was due, and that the report required some minor corrections. The president of the corporation testified that he did not know that such a letter had been sent or that the report had been returned at the time. On September 9, 1936, the corporation mailed its 1936 report to the commissioner but he returned it on September 24, 1936, stating that it could not be accepted until the 1935 report, previously returned on March, 9, 1936, had been accepted. On April 7, 1937, the commissioner again wrote to plaintiff stating that it had returned the 1935 report for correction but it had not been returned to the commissioner, that the additional amount of $57.50 should accompany the report, that

the 1936 report could not be accepted for filing until the 1935 report had been accepted and that the corporate power of the corporation stood suspended until the reports had been properly filed and the fees paid. After the instant suit was brought, defendants in their answer contended that the option was given on December 6, 1935, when plaintiff corporation was in default with its powers suspended and therefore it lacked the capacity to enter into a legal contract. On May 10, 1937, two days after defendants' answer was filed, plaintiff's president went to Lansing to interview the commissioner and took with him an audit showing that $27, the amount of the franchise fee paid on September 10, 1935, and the report were correct, that the mistake or confusion was due to a bookkeeper formerly in plaintiff's employ who had been convicted of embezzlement and who had falsified the books so as to show a larger net worth of the corporation and thus hide his defalcations. The commissioner accepted the 1935 report, and on the 10th day of May issued his certificate stating that both reports had been duly filed and proper fees paid on the filing dates prescribed by law, that the reports could not be accepted pending receipt of further information, which had been supplied, and that the reports had been accepted for final filing and that the company was in good standing as far as the commissioner's office was concerned. On May 12, 1936, the defendants moved to dismiss the plaintiff's bill of complaint on the ground that the option was null and void, having been given the corporation at a time when its corporate powers had been suspended due to the failure to file a report and pay the franchise fee, in accordance with Act No. 327, § 87, Pub. Acts 1931, as amended by Act No. 96, Pub. Acts 1933. From an order dismissing the bill, plaintiff has appealed.

Act No. 327, § 87, Pub. Acts 1931, provides that if any corporation neglects or refuses to file its annual report with, or pay the franchise fee provided for by the act to, the secretary of State on or before September 1st of each year (see Act No. 327, § 82, Pub. Acts 1931, as amended), and continues in default 10 days thereafter, its corporate power shall be suspended thereafter until it shall file such report and it shall not maintain any action or suit in any court of this State during the time of such default. By Act No. 13, § 3, Pub. Acts 1935, all the powers and duties in reference to the filing of reports were transferred from the secretary of State to the Michigan corporation and securities commission.

On December 6, 1935, when the option agreement was entered into, the report substantially in the form as finally accepted by the commissioner, together with the full amount of the franchise tax believed to be due by plaintiff and finally accepted by the commissioner, had been filed. It was not until the following March before an objection was made by the commissioner. The law must be liberally construed, otherwise some inconsequential error on account of which the report might be returned for correction or explanation would result in confiscation and in the annulment of valuable rights. We have heretofore held that there must be a liberal construction of the law and that an innocent mistake in the report, such as here made, will not result in suspension. See *R. C. Mahon Co.* v. *Molin,* 252 Mich. 606; *Gregorian Building Co.* v. *Galvin,* 268 Mich. 273. The option is, therefore, a valid contract.

A failure to comply substantially with the statute also results in the suspension of the power to sue and were it not for the fact that the commissioner had kept plaintiff's check for the 1935 fees and

finally accepted the report substantially in its original form, the query would arise whether plaintiff had a right to bring the suit. However, giving the act a liberal construction and considering the fact that both the correct amount of fees and the report substantially in form as finally accepted by the commissioner were sent and received within the prescribed time, the order dismissing the suit is reversed without costs to either party and the case remanded to the trial court for further action.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.