DAWN CONSTRUCTION COMPANY v. PARIS
HOME BUILDERS, INC.

1. CORPORATIONS—DEFAULT—REPORTS—FEES—CONTRACTS.
    A corporation may not maintain an action or suit in any court
    of the State upon any contract entered into during the time
    of default in the making and filing of annual reports and
    payment of fees required by the general corporation act, a
    statutory provision designed to enforce the requirement as to
    reports and privilege fees (CL 1948, § 450.87).

2. SAME—DEFAULT—REPORTS—CONTRACTS.
    The statutory inhibition against enforcement by the corporation
    of contracts made by it during the period of default in filing
    annual reports and payment of fees was intended by the
    legislature to be perpetual (CL 1948, § 450.87).

3. SAME—DEFAULT—CONTRACTS—PERPETUAL SUSPENSION OF POWERS.
    Action of assumpsit to recover deposit paid under an express
    contract, made while plaintiff corporation was in default in
    filing corporate reports and payment of fees, may not be
    maintained in a court of this State, since its corporate powers
    for enforcement of such contract were suspended perpetually
    (CL 1948, § 450.87).

Appeal from Wayne; Culehan (Miles N.), J.
Submitted April 6, 1960. (Docket No. 24, Calendar
No. 48,225.) Decided June 7, 1960. Rehearing denied June 11, 1960.

Assumpsit by Dawn Construction Company, a
Michigan corporation, against Paris Home Builders,
Inc., a Michigan corporation, for recovery of down

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 13 Am Jur, Corporations §§ 750, 1154.

payment made on agreements to purchase land. Action dismissed on motion. Plaintiff appeals. Affirmed.

*Gabriel Glantz,* for plaintiff.

*Goldman & Grabow,* for defendant.

CARR, J. Under date of May 10, 1956, the parties to this cause entered into 2 executory land contracts for the purchase by plaintiff from defendant of certain described land in the city of Livonia. The total consideration for the contemplated purchase was the sum of $304,000. In accordance with the agreements plaintiff paid to defendant as a deposit on the purchase price the sum of $10,000. For reasons that are in dispute the agreements were not carried out and plaintiff instituted the present action on August 22, 1956, to recover the amount of the deposit.

The declaration filed by plaintiff alleged the execution of the agreements referred to which were incorporated, by reference, in the pleading. The failure on the part of defendant to convey the property in question within the time specified was alleged, plaintiff averring that it had performed all conditions imposed. Lack of mutuality in the agreements was also asserted. At the time of instituting the action affidavits for writs of garnishment were filed which writs were duly issued and served. In said affidavits it was alleged that defendant was indebted to the plaintiff on "express contract" in the sum sought to be recovered.

Defendant moved to dismiss the action on the ground that plaintiff had no right to institute or maintain it because of its failure to file its annual reports as required by statute for the years 1954, 1955, and 1956. Said motion was filed September 27, 1956. Thereafter, as appears from plaintiff's

answer to defendant's motion, said reports were filed under date of October 2d and the required fees paid. The motion to dismiss was denied by the trial court. Defendant made application to this Court for leave to appeal, which application was denied. Defendant then filed its answer to the declaration, denying its liability to plaintiff for reasons therein set forth and alleging by way of affirmative defense the failure of the plaintiff to file its reports and pay the required privilege fees, as previously alleged in the motion to dismiss. It further appears that the reports for the 3 years in question were not accepted by the Michigan corporation and securities commission until October 17, 1956.

Each party to the cause submitted a motion, supported by affidavits, for summary judgment. At the conclusion of the proofs introduced by plaintiff on the trial defendant renewed its motion to dismiss. The trial court did not pass on either request for summary judgment, but concluded that the motion to dismiss was well founded and an order was entered accordingly. Plaintiff has appealed. The sole question presented for determination is whether plaintiff because of default in filing its reports and paying the required privilege fees was barred from instituting and maintaining its action to recover from the defendant on the basis of the averments in its declaration.

Defendant's motion to dismiss in the trial court was predicated on the provisions of section 87 of the Michigan general corporation act.* Said section, as amended by PA 1933, No 96 (CL 1948, § 450.87 [Stat Ann § 21.87]), reads as follows:

"Failure to file report; suspension of powers, liability of director or trustee. (1) If any corporation neglects or refuses to make and file the reports

---

* PA 1931, No 327, as amended (CL 1948, § 450.1 *et seq.,* as amended [Stat Ann § 21.1 *et seq.,* as amended]).

and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of State shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this State upon any contract entered into during the time of such default; but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business.   Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

It will be noted that under the provisions of the statute quoted the charter of a corporation in default for not filing its annual reports and paying the requisite fees is not declared to be void because of such failure, nor are contracts entered into during the period of default rendered unenforceable other than on behalf of the offending corporation.   Under the specific declaration of the legislature such corporation "shall not maintain any action or suit in any court of this State upon any contract entered into during the time of such default."   Such declaration is in accord with the provision that corporate powers are suspended until the required report is filed. The opposite party to such an agreement is not precluded from pursuing proper remedies for enforcement.   The corporation in default may dispose of its

property and wind up its business if it so desires. Depriving it of its right to maintain an action on a contract entered into while in default, or to exercise corporate functions, except as expressly authorized, was obviously designed by the legislature to enforce the requirement as to reports and privilege fees.

The question presented here has been before this Court in prior cases. Defendant relies on the decision in *Irvine & Meier* v. *Wienner,* 212 Mich 199, as controlling. There the plaintiff brought suit to enforce a claimed mechanics' lien. At the time the contract involved in the case was executed plaintiff corporation was in default for failure to file its annual report. Such report was filed, however, before the suit was instituted. The trial court granted defendant's motion to dismiss on the ground that under the provisions of the statute requiring the filing of annual reports plaintiff was barred from maintaining its suit. It may be noted that insofar as the question at issue here is concerned the provisions of the present statute, above quoted, are substantially identical with the provisions of the statute on which the motion to dismiss was predicated. This Court sustained the decree of the trial court, specifying the reasons leading to the conclusion that the inhibition against enforcement of contracts made during the period of default was intended by the legislature to be perpetual.

Counsel for plaintiff calls attention to *Eagle Oil Corp.* v. *Cohassett Oil Corp.,* 263 Mich 371, in effect arguing that it is inconsistent with the decision in *Irvine & Meier* v. *Wienner, supra,* and has in effect overruled it. The cases, however, may be differentiated on the basis of the facts involved. In the later decision, relied on by plaintiff in the case at bar, the plaintiff was not in default at the time the lease involved in its suit was executed nor at the time the bill of complaint was filed. When the case came on for

hearing in September, 1931, its 1930 report had been filed but the privilege fee had not been paid. The reason for such failure does not appear from the opinion of the Court. The question of plaintiff being in default having been raised, the trial court allowed plaintiff to obviate the objection by paying the statutory fee. It was held that the court was not in error in so doing. We think it must be said that the decision in such respect was predicated on the facts in the case which were of such nature as not to indicate a wilful failure to comply with the statutory requirement. Such conclusion is supported by later decisions.

In *L. J. Barry Coal Co.* v. *Houghten,* 282 Mich 547, the Court recognized that a failure to comply substantially with the provisions of the statute results in the suspension of the power to sue. It was held, however, that under the facts involved the statutory penalty should not be enforced against the plaintiff. When the agreement involved in the case was made the report as to which plaintiff was claimed to have been in default was actually filed, and no question was raised with reference thereto for a period of approximately 3 months. After some discussion of the matter the Michigan corporation and securities commission accepted the report in substantially the form as first presented. The action of this Court was based on the theory that an innocent mistake should not result in depriving the plaintiff of its right to maintain the action.

Plaintiff also relies on *Gamalski Hardware, Inc.,* v. *Wayne County Sheriff,* 298 Mich 662 (136 ALR 1155), which was a replevin case based on the theory that defendants had taken plaintiff's property illegally and retained it without lawful authority so to do. In other words, the court was dealing with a tort action, and while the plaintiff corporation was in default under the provisions of the general corporation

act, nonetheless it continued a body corporate for certain purposes, one of which was the right to hold and retain possession of its property pending the winding up of its affairs. Obviously this decision and others of like import are not in point in the instant controversy.

Plaintiff's action here is in assumpsit to recover money claimed to be due and owing to it under the contractual agreements incorporated by reference in the declaration. Having been in default at the time said agreements were made, as well as at the time the action was instituted, the specific provisions of the statute hereinbefore quoted must be held to bar its right to institute and maintain said action. See, also, *Motor City Engineering Co.* v. *Fred E. Holmes Co.,* 241 Mich 446; *Meldman Cartage Co.* v. *Fruehauf Trailer Co.,* 271 Mich 304; *Benton Harbor Federation of Women's Clubs* v. *Nelson,* 301 Mich 465, 472; *In re Petitions of Auditor General,* 333 Mich 700, 705.

The action of the trial court in dismissing the case on motion at the conclusion of plaintiff's proofs was correct, and the order from which plaintiff has appealed is affirmed.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.