KUPSKI *v.* BAL INVESTMENT COMPANY

1. CORPORATIONS—CORPORATE POWERS—SUSPENDED CHARTER—STAND-
   ING TO COMPLAIN.
   Land contract vendees, seeking to have a foreclosure by defend-
   ant declared invalid, were proper parties to raise the issue
   whether the corporate powers of the defendant, who took the
   vendor's interest in the land contract by assignment, were
   suspended because of the corporation's failure to file annual
   reports and to pay its fees (MCLA § 450.87).

2. CORPORATIONS—CORPORATE POWERS—SUSPENDED CHARTER—STATU-
   TORY MORTGAGE FORECLOSURE.
   A statutory mortgage foreclosure proceeding is a statutory
   action within the meaning of the corporation act prohibiting
   a corporation from any action or suit in any state court while
   its charter is suspended for failure to file its annual reports
   and to pay its fees (MCLA § 450.87).

3. CORPORATIONS—CORPORATE POWERS—ENFORCEMENT OF CONTRACTS
   —SUSPENDED CHARTER.
   A corporation may not affirmatively enforce contracts entered
   into during a period when its corporate powers were suspended
   (MCLA § 450.87).

Appeal from Wayne, Thomas Roumell, J. Sub-
mitted Division 1 June 15, 1971, at Detroit. (Docket
No. 9568.) Decided August 30, 1971. Leave to
appeal denied, 386 Mich 765.

Complaint by Gregory J. Kupski, Jr., and Mary
Ann Kupski against Bal Investment Company to
have mortgage foreclosure of their interest in a

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 19 Am Jur 2d, Corporations §§ 1613, 1614, 1622, 1642.

land contract declared void.   Complaint dismissed. Plaintiffs appeal.   Reversed.

*Frank K. Penirian, Jr.,* for plaintiffs.

*Temple & Cutler,* for defendant.

Before:  T. M. Burns, P. J., and Holbrook and McGregor, JJ.

McGregor, J.   On March 4, 1969, Avco Security Corporation sold, assigned, and transferred, for a valuable consideration, a mortgage to the defendant, which covered the vendee's interest in a land contract dated October 17, 1966, made by plaintiffs to Budman's, Inc.

Defendant did not file its 1965 Annual Report and fees, which were due on May 15, 1965, in consequence of which its charter was suspended on May 25, 1965,[1] and became void on May 15, 1967.[2]   On August 11, 1969, the defendant filed its annual report and paid the fees, and its charter was reinstated on that date.[3]

---

[1] MCLA § 450.87 (Stat Ann 1963 Rev § 21.87).

[2] MCLA § 450.91 (Stat Ann 1963 Rev § 21.91).

[3] The record shows (quoting from a certificate issued by the Michigan State Treasurer on February 27, 1970): "BAL INVESTMENTS CO., a Michigan corporation, was incorporated in this State on January 16, 1964.

"I FURTHER CERTIFY that the 1964 annual report and fees were received May 25, 1964, and the report was accepted for filing on March 11, 1965.   The 1965 annual report and fees, due May 15, 1965, were not timely filed and the charter of the corporation became void on May 15, 1967, under the provisions of Section 91, Act 327, Public Acts of 1931, as amended.   The 1966 annual report and fees were received June 24, 1966.   The 1967 annual report and fees were received December 31, 1968.   The 1968 annual report and fees were received December 31, 1968.   The 1969 annual report and fees were received May 5, 1969.

"And I further certify that the corporation filed the 1965 annual report and fees on August 11, 1969.   The 1965, 1966, 1967, 1968, and 1969 reports were all accepted for filing on August 11, 1969, and the

On April 10, 1969, while its charter was void, the defendant instituted statutory foreclosure proceedings, pursuant to a power of sale contained in the above-mentioned mortgage. Plaintiffs here were defendants in the statutory foreclosure proceedings. Foreclosure was had in July, 1969, and the six-month redemption period expired in January, 1970.

On February 13, 1970, defendant filed a complaint to recover possession in the common pleas court, landlord-tenant division, naming the plaintiffs herein as defendants.

Through their attorney, plaintiffs filed a verified complaint against the defendant, on February 25, 1970. The trial court granted plaintiffs a temporary restraining order and order to show cause.

On March 13, 1970, plaintiffs filed an amended complaint, alleging the defendant's corporate powers had been suspended prior to March 4, 1969, the date of the assignment. They further alleged that the foreclosure and sheriff's deed issued pursuant thereto were null and void and should be set aside. The court was requested to enter its order restraining the defendant from proceeding any further in its common pleas action to recover possession. A further prayer requested that defendant be made to show cause why the restraining order should not be made into a preliminary injunction.

Plaintiffs' motion for preliminary injunction was denied on March 13, 1970; subsequently, plaintiffs filed a motion to reconsider the order to show cause for preliminary injunction on March 16, 1970.

On April 14, 1970, the court filed its opinion, denying plaintiffs' motion to reconsider; on May 15, 1970, the court entered an order of dismissal, pursuant to its opinion of April 14, 1970.

charter of the corporation was reinstated on August 11, 1969, under Act 18, Public Acts of 1969."

On appeal, defendant contends that the assignment of the mortgage to it was a valid contract, even though entered into when its charter was void. It further contends that it may affirmatively enforce that contract against plaintiffs while its charter remained void. The applicable provisions of the Michigan corporation act are as follows:

Default in filing reports or paying fees; effect on powers, liability of officers. "Sec. 87. * * * (1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified and shall continue in default for ten [10] days thereafter, unless the secretary of state shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such suspension, *its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this state upon any contract entered into during the time of such default;* but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business. Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal." (Emphasis added.) MCLA § 450.87 (Stat Ann 1963 Rev § 21.87).

"If any profit corporation which has heretofore been, is now or may hereafter be required to file its annual report with and pay a privilege fee to the secretary of state, shall for 2 consecutive years

neglect or refuse to file such report and/or to pay such fee, the charter of such corporation shall be absolutely void, without any judicial proceedings whatsoever, and such corporation shall be wound up in any manner provided by this act unless the secretary of state shall for good cause shown extend the time for the filing of such report or the payment of such fee as the case may be. In case of extension of time as provided in this section the secretary of state shall file in his office a certificate showing the length of time granted by such extension: Provided, That in no case shall the total extension of time granted be more than 1 year: And provided further, That such extension of time shall be granted prior to the expiration of the time fixed in section 82 of this act. The provisions of this act are hereby declared to be self-executing." MCLA § 450.91 (Stat Ann 1963 Rev § 21.91).

In *Adams* v. *E. M. Burke Homes, Inc.* (1968), 14 Mich App 578, 591, 592, Judge LEVIN, in a concurring opinion, stated:

"The law in Michigan is that a contract entered into by a corporation during a period in which it is delinquent in filing annual reports is so far invalid that the provisions of the contract may not affirmatively be relied upon by the delinquent corporation. *Detroit United Fruit Auction Co.* v. *Kroger Grocery & Baking Company* (1924), 227 Mich 412, 414, 415; *Dawn Construction Company* v. *Paris Home Builders, Inc.* (1960), 360 Mich 281, 285.

"Even if the delinquent corporation has cured the delinquency and may therefore again have access to the courts, the other contracting party may defend against an action brought by the delinquent corporation on the ground that the contract sued upon is invalid because entered into during the period of delinquency (*Irvine & Meier* v. *Wienner* [1920], 212 Mich 199, 202). And, as in our case, where the other contracting party sues the delinquent corporation

claiming that the contract was invalid, the delinquent corporation may not rely on the contract. (*Mishke* v. *Eddy* [1928], 241 Mich 501)."

Furthermore, even though plaintiffs did not enter into the contract of assignment with defendant, they are still proper parties to raise the issue of defendant's corporate status.

In *Great Lakes Restaurants, Inc.,* v. *Rumery Construction Co.* (1970), 23 Mich App 501, 505, this Court stated:

"Plaintiff [defendant herein] also argues that Frays is not a proper party to raise the issue of plaintiff's standing to sue as she is not a contracting party. . . . The entire suit was instituted for the enforcement of contractual rights of the plaintiff. The statute is punitive and prevents the plaintiff from maintaining suits to enforce contracts executed while its corporate powers were suspended. Frays was a proper party to raise the issue of the plaintiff's corporate status."

Similarly, while a statutory foreclosure proceeding is not a suit in a court of this state, it is a statutory *action* and is therefore included within the meaning of MCLA § 450.87 (Stat Ann 1963 Rev § 21.91). Consequently, defendant's attempted foreclosure is invalid, as it was maintained during the time when defendant's charter was void.

We hold that, so long as its corporate powers are suspended, a corporation may not affirmatively enforce contracts which it entered into during the period when its powers were suspended.

Reversed. Costs to plaintiffs.

All concurred.