SHURLOW TILE & CARPET, INC. v DAHLMANN BUILDING
COMPANY

1. CORPORATIONS—CORPORATE POWERS—ENFORCEMENT OF CONTRACTS
—SUSPENDED CHARTER—STATUTES.

A profit corporation may maintain an action based upon a
contract entered into during the time that its charter was void
for failure to pay its annual fees or file its annual reports for
two consecutive years upon compliance with statutory provi-
sions which enable the corporation, by filing the delinquent
reports and paying the delinquent fees, to have the voidance
waived and to be revived in full force and effect (MCLA 450.87,
450.91, 450.431, 450.432).

2. CORPORATIONS—CORPORATE POWERS—ENFORCEMENT OF CONTRACT—
SUSPENDED CHARTER—CONSTITUTIONAL LAW—STATUTES—TITLE
OF ACT.

The body of an act which provides that profit corporations whose
charters have become void for failure to file annual reports and
to pay fees may have the voidance waived and that all con-
tracts entered into during such intervals shall become valid is
germane to the general purpose of the act set forth in its title
and is not constitutionally infirm for embracing more than one
object (Const 1963, art 4, § 24; MCLA 450.431, 450.432).

Appeal from Kalamazoo, Lucien F. Sweet, J.
Submitted Division 3 April 3, 1974, at Grand
Rapids. (Docket No. 17682.) Decided June 26, 1974.

Complaint by Shurlow Tile & Carpet, Inc.,
against Dahlmann Building Company for breach of
contract. Defendant's motions for accelerated and
summary judgment denied. Defendant appeals by
leave granted. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 18 Am Jur 2d, Corporations §§ 76–80, 345.

*Rhoades, McKee & Boer* (by *Arthur C. Spalding)*, for plaintiff.

*Brown, Colman & DeMent* (by *Robert W. Ionta)*, for defendant.

Before: ALLEN, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. The defendant appeals by leave granted from the trial court's denial of its motions for accelerated judgment and summary judgment, which motions sought dismissal of plaintiff's suit on the ground that the plaintiff's corporate charter had become void under MCLA 450.91; MSA 21.91, at the time that the plaintiff contracted with the defendant, thus rendering the contract unenforceable. The facts are not in dispute and a concise statement of facts has been stipulated. We affirm the trial court.

The plaintiff was incorporated in 1966, but failed to pay its annual fees or file its annual reports for the years 1968 and 1969, as a consequence of which its corporate charter became void under § 91 on May 15, 1970. On January 22, 1971 the plaintiff contracted with the defendant to furnish materials and labor for installation of counter tops and tile work in an apartment project. This contract was made and partially performed after the plaintiff's charter had become void under § 91. Disagreements arose between the parties as a result of which plaintiff failed to complete the contract. The plaintiff seeks damages from an alleged breach of contract by the defendant. A complaint was filed on January 17, 1972. Because

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

of the status of the plaintiff's charter this action was dismissed without prejudice.

The plaintiff then complied with MCLA 450.431; MSA 21.248(1) as a result of which its corporate charter was reinstated on December 29, 1972, whereupon plaintiff, on January 18, 1973, commenced the present action seeking damages for the alleged breach of contract. The defendant filed motions for summary judgment and accelerated judgment and the trial court denied both motions, commenting in part:

"It is the conclusion and decision of this court that to give meaning, to give life, to give vitality to [MCLA 450.432; MSA 21.248(2)], it must be held that upon compliance and upon return of its charter the plaintiff corporation is in a position to bring an action based upon a contract entered into during the time that its charter was suspended or invalid by reason of the non-payment of fees or filing of necessary reports."

The first question presented is whether a profit corporation that contracts at a time when its corporate charter is void under § 91 can sue on that contract after the corporation has complied with the Michigan Corporation Act and has had its corporate charter reinstated. There are several statutory sections that are relevant to this question.

MCLA 450.87; MSA 21.87, provides that any corporation that neglects to file its annual report and/or pay any fees required shall have its corporate powers suspended during the period of default and shall not maintain any action in any court of this state upon any contract entered into during the time of such default.

MCLA 450.91; MSA 21.91, provides that any profit corporation that is in default for two consecutive years in filing its annual reports or payment

of any required fees shall have its corporate charter declared void without any judicial proceeding.

MCLA 450.431; MSA 21.248(1), provides that any profit corporation whose charter has become void under the provisions of § 91 may file such delinquent reports and pay such delinquent fees in which event the voidance of its charter shall be waived and it shall be revived in full force and effect.

MCLA 450.432; MSA 21.248(2), provides that:

"Upon compliance with the provisions of this act, the rights of such corporation shall be the same as though no forfeiture had been operative and all contracts entered into during such intervals shall become valid."

The defendant argues that it would be incongruous to allow a profit corporation to maintain an action upon a contract entered into while its corporate charter was void under § 91 when the express language of § 87 provides that contracts entered into while corporate powers are suspended may never be the subject of action in any court of this state. The defendant argues that the greater evil is rewarded while the lesser evil is punished. The defendant further argues that the punitive effect of § 87 continued on into the period covered by § 91 and cites *Dawn Construction Co v Paris Home Builders, Inc,* 360 Mich 281; 103 NW2d 410 (1960), and *Kupski v Bal Investment Co,* 35 Mich App 680; 192 NW2d 519 (1971). Both of these cases involve contracts entered into during the period of suspension under § 87 and neither opinion mentions MCLA 450.432; MSA 21.248(2).

The language of the aforementioned statutes is plain and unequivocal. In construing § 87 the courts have been compelled to reach a harsh result because of the language and history of the statute.

*Irvine & Meier v Wienner,* 212 Mich 199; 180 NW 492 (1920); *Stoneleigh Homes, Inc v Jerome Building Co,* 31 Mich App 542; 188 NW2d 152 (1971). In this case we are under no such compulsion and we will not construe a statute to work so harsh a result absent a clear legislative intent to do so. We hold, as did the trial court, that to give meaning and vitality to MCLA 450.432; MSA 21.248(2), we must hold that upon compliance with MCLA 450.431; MSA 21.248(1), a corporation may legally maintain an action based upon a contract entered into during the time that its charter was void under § 91.

We must now address ourselves to the second issue raised by the defendant. The defendant contends that MCLA 450.432; MSA 21.248(2), is constitutionally infirm because it violates art 4, § 24 of the Constitution of 1963 which provides:

"No law shall embrace more than one object, which shall be expressed in its title."

The title to the act reads as follows:

"An act to provide the terms and conditions upon which certain profit corporations whose charters have become void through operation of law may be reinstated and a voidance of charter waived."

The above title refers to the terms and conditions upon which corporate powers may be restored. The body of the act sets forth the requirements to be undertaken by the corporation and the results of such action. It seems clear that the body of the act is germane to the general purpose set forth in the title. See *People ex rel Wayne Prosecuting Attorney v Sill,* 310 Mich 570; 17 NW2d 756 (1945). Reasonable men would hardly be misled by the above title and would not be surprised to see that

the act reads as it does. See *Kull v Michigan State Apple Commission,* 296 Mich 262; 296 NW 250 (1941).

Affirmed. Costs to the plaintiff.

All concurred.