**TERRY'S OFFICE PRODUCTS AND SERVICE, INC., Appellant,**

v.

**Burdette F. ELSBURY and Specialized Office Systems, Inc., Appellees.**

No. 90–76.

Supreme Court of Iowa.

Jan. 23, 1991.

James W. Affeldt of Elderkin & Pirnie, Cedar Rapids, for appellant.

William A. Conzett of Conzett & O'Brien, Dubuque, for appellees.

CARTER, Justice.

Plaintiff, Terry's Office Products and Service, Inc., appeals from an order of the district court dismissing its action against defendants, Burdette F. Elsbury and Specialized Office Systems, Inc., for alleged breach of agreement in a commercial transaction.

At the time of the commencement of the action, plaintiff's certificate of incorporation had been canceled for failure to file a required annual report with the Secretary of State. Defendants challenged plaintiff's right to bring the action based on the circumstances of that suspension. Prior to the court's ruling on the matter, plaintiff's certificate of incorporation had been reinstated.

The district court dismissed the action in reliance on the language of Iowa Code section 496A.130 (1989), which we have italicized below:

> The cancellation of the certificate of incorporation of a corporation shall not take away or impair any remedy available to or against such corporation, its directors, officers or shareholders for any right or claim existing or any liability incurred prior to such cancellation, *but no action or proceeding thereon may be prosecuted by such corporation until it shall have been reinstated.*

*Id.* (emphasis added).

The primary issue which is posed in considering plaintiff's challenge to the order of dismissal is whether lack of capacity to prosecute the action at the time it was filed was a matter which was retroactively cured by the reissuance of a valid certificate of incorporation subsequent to the commencement of the action. We conclude that it was and reverse the judgment of the district court.

The fact that an action is brought by a party who lacks capacity to sue is not jurisdictional. *Middle States Utils. Co. v. City of Osceola*, 231 Iowa 462, 467, 1 N.W.2d 643, 646 (1942); *Gunnar v. Town of Montezuma*, 228 Iowa 581, 585, 293 N.W. 1, 3 (1940). Where, as here, the incapacity is a temporary matter the court should in the first instance treat a challenge to plaintiff's capacity to sue under section 496A.130 as a plea in abatement rather than in bar. *See McCormick v. Blossom*, 40 Iowa 256 (1875) (answer alleging incapacity of plaintiff is in the nature of a plea in abatement). The bringing of the action is not void *ab initio*.

Support for the view that a lack of capacity such as that which is asserted in the present case may be cured is found in the following statement from 59 Am.Jur.2d *Parties* section 181, at 681 (1987) (citing *Dodge v. North Hudson*, 188 F. 489 (N.D. N.Y.1911)) (footnotes omitted):

> As a general rule, a plaintiff may, by amendment of his complaint or declaration, change the source of the authority by which he brings the suit without changing the cause of action or the parties.... [A] domiciliary administrator who commences an action in a foreign jurisdiction for the wrongful death of the deceased, and who is refused the right to maintain such action until ancillary administration is obtained in the state of the forum, is not required to commence a new action, but is entitled to set up the fact of his ancillary administrative authority by an amendment.

The issue of curing retroactively a lack of capacity to sue under section 496A.130 was decided favorably to a plaintiff corporation in *Stutzman Feed Service, Inc. v. Todd & Sargent, Inc.*, 336 F.Supp. 417, 418 (S.D. Iowa 1972).

The result reached in *Stutzman Feed Service* and which we reach in the present case is not inconsistent with the holding of this court in *Hearth Corp. v. C–B–R Development Co.*, 210 N.W.2d 632 (Iowa 1973). The issue in the latter case concerned capacity to contract during the period in which a corporation's charter is suspended. That is a matter not addressed by the language of section 496A.130 and is an issue separate and distinct from capacity to maintain an action.

For the reasons stated, we hold that the incapacity of the plaintiff corporation in the present case was retroactively cured by the reissuance of its certificate of incorporation. The judgment of the district court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

All justices concur except SCHULTZ, J., and McGIVERIN, C.J., HARRIS and SNELL, JJ.

SCHULTZ, Justice (dissenting).

I believe that our statutory scheme does not allow the result reached by the majority, therefore, I dissent. The plain terms of Iowa Code section 496A.130 specify that "no action or proceeding thereon may be prosecuted by such corporation until it shall have been reinstated...." I believe the legislature spoke explicitly. It preserved rights of actions existing prior to cancellation, but prohibited the prosecution of these actions until reinstatement. The commencement of an action clearly is a prosecution by the corporation.

Another sentence makes a distinction which supports our conclusion. It states:

> Any such action or proceeding against such corporation *may be defended by the corporation, if it has not been reinstated,* in its corporate name....

§ 496A.130 (emphasis added). This sentence makes a clear distinction between a corporation's capacity to bring a lawsuit and its capacity to defend a lawsuit during a period of cancellation. The legislature's intent is clear; a corporation can defend against a lawsuit brought against it but cannot initiate a lawsuit on behalf of the corporation during a period of cancellation. Any other interpretation would render this statutory distinction meaningless.

The majority opinion would hold that plaintiff's incapacity is a temporary matter and defendants' challenge should be treated as a plea in abatement rather than in bar. This is a theory not claimed by plaintiff at the district court level or on appeal and should not be addressed.

I also disagree with the majority's conclusion that the commencement of the action is not void *ab initio.* This reasoning ignores the plain and specific statutory language denying plaintiff the right to bring a lawsuit. I would hold that the specific command of the statute makes this action void and requires dismissal.

We also find support for our conclusion in the position that other courts have taken when the governing statutes contained similar or less specific language. *See, e.g., PLM v. E. Randle Co.*, 797 F.2d 204, 205–06 (5th Cir.1986) (corporation could not maintain breach of contract action filed while corporate powers suspended); *United States v. 2.61 Acres of Land*, 791 F.2d 666, 668 (9th Cir.1985) (delinquent corporation may not bring suit, defend legal action, or appeal adverse ruling until reinstatement); *Dawn Constr. Co. v. Paris Home Builders, Inc.*, 360 Mich. 281, 283–87, 103 N.W.2d 410, 411–13 (1960) (corporation prohibited from initiating contract action during suspension period); *State ex rel. Dep't of Highways v. Martin*, 572 P.2d 611, 614 (Okla.Ct.App.1977) (corporation not entitled to sue or be sued during suspension period).

A problem not discussed by the majority and raised by defendants' motion for summary judgment is the statute of limitations. If the limitation period accrued during the period of suspension, as claimed by defendants, the effect of the majority's holding allows plaintiff to avoid defendants' statute of limitations defense. The legislature did not intend to allow a reinstated corporation the right to avoid a defense that accrued during the suspension period. *ABA Recov-*

*ery Servs., Inc. v. Konold,* 198 Cal.App.3d 720, 724–25, 244 Cal.Rptr. 27, 29–30 (1988).

In summary, I would affirm the district court.