Appeal from the grant of summary judgment in favor of the defendant. We affirm.
The basic question concerns the right of a foreign corporation to recover damages in an Alabama court upon a cause of action based on contract when the foreign corporation *Page 920 
had not qualified to do business in Alabama at the time the contract was made.
Plaintiff is a Florida corporation with its principal place of business in Destin. Between November 1, 1979 and May 1980, pursuant to an oral agreement with the defendant, the plaintiff built a home for the defendant in Baldwin County. The alleged contract price was $61,936.55. The defendant paid $39,100.00, leaving a balance of $22,836.55. When the defendant did not pay the balance the plaintiff filed this action. The defendant moved to dismiss on two grounds: (1) that plaintiff had failed to qualify to do business in Alabama, and (2) that the action was barred by res judicata based upon a prior dismissal. Because of our decision favoring the first ground we need not consider the second.
The defendant's motion to dismiss was accompanied by a letter purportedly from the Secretary of State of Alabama which recited that his office files disclosed "no record of a corporation by the above name." Subsequently a hearing was held on this motion and the trial court heard argument of counsel upon it. Following the hearing the trial court granted the motion. Under these circumstances it is apparent that the trial court treated the motion as a Rule 12 (b)(6) motion for summary judgment and in so doing had before it the letter referred to.
The plaintiff raises before us a patent defect in that letter affecting its utilization as appropriate evidence under Rule 56. Plaintiff refers us to Rule 44 (b) on proof of a lack of record. The rule requires any such statement to be "authenticated as provided in subdivision (a)(1) . . . in the case of a domestic record. . . ." The commentary to this rule states that Rule 44 (b) is identical to the federal rule. The complementary federal rule requires that
 [T]he statement of lack of record must be authenticated in the same fashion as an official record itself. Thus if the search is of a domestic record the statement must be by the custodian of the record and must be accompanied by a certificate under seal from a judge or public officer that the person who made the statement is the person having custody. [9 Wright and Miller, Fed. Prac. and Proc., § 2436 at 395.]
It is clear that the letter in question, though bearing a signature purporting to be that of the Secretary of State, was not accompanied by any certificate verifying that signature and that person as the custodian. Accordingly, the letter was not self proving and was improper evidence for the purpose of summary judgment. Under the circumstances of this case, however, that error does not require a reversal of this case because in both brief and oral argument plaintiff has conceded that it was not qualified to do business in Alabama at the time the contract in question was executed. Plaintiff points out, however, that it did qualify to do business in Alabama before this action was filed and, accordingly, urges us to adopt a legal principle which would allow it (and all others similarly situated) to proceed in our courts under such a contract. Thus the question before us (and before the trial court) was one of law and not of disputed fact.
Adopting such a principle as plaintiff advocates would effect a substantial change in our law by amending Section 232 of our Constitution of 1901 and overruling a number of decisions of this Court rendered thereunder. Section 232 provides that:
 No foreign corporation shall do any business in this state without having at least one known place of business and an authorized agent or agents therein, and without filing with the secretary of state a certified copy of its articles of incorporation or association. . . .
The legislature has enacted a statute similar in nature, Code of 1975, § 10-2A-247:
 (a) All contracts or agreements made or entered into in this state by foreign corporations which have not obtained a certificate of authority to transact business in this state shall be held void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of said void *Page 921 
contract or agreement; but nothing in this section shall abrogate the equitable rule that he who seeks equity must do equity; provided, that the failure of a foreign corporation to obtain a certificate of authority shall not impair the validity of any contract or agreement heretofore or hereafter entered into and consisting of a mortgage upon real property or an interest in real property in this state, and the note secured thereby, where the mortgage is insured by the Federal Housing Administration or guaranteed by the Veterans Administration, if said foreign corporation shall have thereafter obtained a certificate of authority. In all actions against such foreign corporation, or against any person claiming under such foreign corporation by virtue of such void contract, the foreign corporation or such person claiming under it shall be held to be estopped from setting up the fact that the contract or agreement was so made in violation of law. In all actions against foreign corporations which have not obtained a certificate of authority, the summons or other process may be served upon the officer, agent or employee of the foreign corporation who acted for or represented such foreign corporation in making the contract or agreement sued upon.
We note that this language was also used in this section's predecessor statutes, Code of 1975, § 10-2-254 and Tit. 10, § 21 (89), Ala. Code of 1940 (Recomp. 1973 Cum. Supp.). Also, under the Revenue and Taxation Code, Code of 1975, § 40-14-4, the legislature has provided:
 All contracts made in this state by any foreign corporation which has not first complied with the provisions of sections 40-14-1 through 40-14-3
[payment of qualification fees or taxes and statement pertaining to incorporation] shall, at the option of the other party to the contract, be wholly void at the action of such foreign corporation or any person claiming through or under such foreign corporation by virtue of such contract . . .
The numerous decisions of this Court upholding the principle which denies the foreign corporation relief at its instance upon such contracts have recognized the severity of its imposition. Nevertheless, they have not deviated from its application, being aware that
 the public policy clearly written into our law in order that foreign corporations may be subject to the process of our courts, thus affording mutuality of remedy, cannot be stricken down by judicial decision. [Bouldin, J., in Gray-Knox Marble Co. v. Times Bldg. Co., 225 Ala. 554, 144 So. 29 (1932).]
The bar created by the Constitution and statutes has been upheld when the pleadings and evidence showed that the foreign corporation had failed to comply with this state's laws of qualification "before and at the date of the contract. . . ."Cable Piano Co. v. Estes, 206 Ala. 95, 89 So. 372 (1921). This position has been affirmed repeatedly. See, e.g., Calvert IronWorks, Inc. v. Algernon Blair, Inc., 284 Ala. 655,227 So.2d 424 (1969); Computaflor Company, Inc. v. N.L. Blaum Const. Co.,289 Ala. 65, 265 So.2d 850 (1972); Birmingham TerminalAssociates, Inc. v. United Produce and Products Equipment Co.,Inc., 289 Ala. 80, 265 So.2d 863 (1972); C C Products, Inc.v. Premier Industrial Corp., 290 Ala. 179, 275 So.2d 124 (1973) (such a contract does not give rise to any implied legal duty). See also Foxco Ind., Ltd. v. Fabric World, Inc., 595 F.2d 976
(5th Cir. 1979).
The plaintiff has cited us to a number of jurisdictions which have held that compliance with qualification requirements after the instigation of suit satisfies the requirements. We have not been cited to the specific language of the constitutional or statutory provisions of those jurisdictions pertinent to our inquiry. We point out, however, that a number of sister jurisdictions follow the Alabama view that compliance must occur when the contract was made. Hutterian Brethren v. Haas,116 F. Supp. 37 (D.Mont. 1953); Dawn Construction Co. v. ParisHome Builders, Inc., 360 Mich. 281, 103 N.W.2d 410 (1960);Irvine Meirer v. Wienner, 212 Mich. 199, 180 N.W. 492 (1920). Such a compliance, moreover, *Page 922 
has been held not to "relate back." In re Conecuh Pine Lumber Mfg. Co., 180 F. 249 (M.D.Ala. 1910); accord, Woods Co. v.Armstrong, 54 Ala. 150 (1875).
This Court, like its predecessors, recognizes with compassion the stern sanction imposed by this principle established by our Constitution and statutes. It is our duty, however, to uphold it. The judgment, therefore, must be, and is, affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and ADAMS, JJ., concur.