HOLMES, Judge.
This is a workmen’s compensation case.
This is the second time this case has been before this court. The facts surrounding this appeal are in effect no different than in the prior appeal. For an understanding of this appeal it is necessary that interested parties refer to this court’s opinion in Courtaulds North America, Inc. v. Lott, 403 So.2d 240, cert. denied, 403 So.2d 244 (Ala. 1981).
The dispositive issue in the present appeal is whether the trial court erred in refusing to admit into evidence the affidavits of the clerks of certain courts in California and Illinois.
We find that the trial court did err and, further, that such error requires reversal.
The affidavits from the aforementioned courts of California and Illinois were offered by the employer to prove that a prior marriage of the deceased employee had not been dissolved by divorce. Again, for clarity, we suggest interested parties read our prior opinion. Courtaulds North America, Inc. v. Lott, supra. The appellee (the alleged “widower” of the deceased employee) objected to the introduction of these affidavits.
The basis of the appellee’s objection and the apparent reason for the trial court’s action was that the affidavits do not comply with rule 44(a)(1), A.R.Civ.P.; specifically, that the affidavits must have an additional certification which attests to the fact that the first affiant’s signature is correct and that the first affiant is in fact the custodian. Put another way, the appellee’s objection appears to be that certain requirements of rule 44(a)(2), A.R.CÍV.P., were not complied with.
The affidavits in question are as follows:
AFFIDAVIT
STATE OF ILLINOIS:
COUNTY OF COOK:
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Personally appeared before the undersigned Notary Public Morgan M. Finley, who being by me first duly sworn on oath doth depose and say:
This is to certify that I, Morgan M. Finley, Clerk of the Circuit Court of Cook County, Illinois, 802 Daley Center, Chicago, Illinois, am the legal custodian of records of divorces granted by the Domestic Relations Division of the Circuit Court of Cook County, Illinois and all surrounding districts and city courts and the keeper of its seal. The laws of the State of Illinois require that records of such divorces be maintained under the supervision of my office.
I certify that I have reviewed said records for the period 1945 through 1966 in an effort to determine whether any record exists of a divorce being granted between Barbara Jean Thompson Murphy, also known as Barbara Thompson and Clarence Murphy, Jr.
After diligent search no record or entry of such a divorce is found to exist in the records described above. The search included all surrounding districts and city courts.
*740 In Witness Whereof I hereunto set my hand and seal this 18th day of August . 1981.
/s/ Morgan M. Finley Morgan M. Finley Clerk of the Circuit Court Cook County, Illinois
Sworn to and subscribed before me this 26th day of August . 1981.
/s/ Svlvia Cervanter Notary Public, Cook County, Illinois
My Commission Expires: Oct. 9. 1984
AFFIDAVIT
CITY OF LOS ANGELES
COUNTY OF LOS ANGELES
Personally appeared before me the undersigned Notary Public in and for said County in said State California . who being by me first duly sworn on oath doth depose and say:
My name is John Callinan and I am Clerk of the Superior Court of California, County of Los Angeles, Los Angeles, California. I am the legal custodian of records of divorces granted by the Superior Court of California, Los Angeles County, California and the laws of the State of California require that records of such divorces be maintained under the supervision of my office.
I certify that I have reviewed said records for the period January 1,1959 through December 31,1966 in an effort to determine whether any record exists of a divorce being granted between Barbara Jean Thompson Murphy, also known as Barbara Thompson and Clarence Murphy, Jr.
After diligent search, no record or entry of such a divorce is found to exist in the records described above.
Dated this 1st day of July . 1981.
JOHN J. CORCORAN COUNTY CLERK AND CLERK OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES BY/s/ John Callinan DEPUTY
Sworn to and subscribed before me this 1st day of July . 1981.
/s/ Queenie Chakerian NOTARY PUBLIC, LOS ANGELES, CALIFORNIA
My commission expires May 17. 1985 .

Rule 44(a)(1) entitled “Domestic” applies to official records, kept within the United States or any state, etc. The rule requires that: “If the official record is kept without the state [of Alabama], the copy shall be accompanied by a certificate under oath of such person that he is the legal custodian of such record and that the laws of the state require the record to be kept.”
Rule 44(b) applies to the “Lack of Record” such as we have in the instant appeal. This rule states that: “A written statement that after diligent search no record or entry of a specified tenor is found to exist in the records designated by the statement, authenticated as provided in subdivision (a)(1) of this rule in the case of a domestic record

It is clear that the affidavits in question are “Domestic” records that fall within the purview of rule 44(a)(1) via rule 44(b). It is equally clear that the affidavits are in total compliance with the specific requirement of rule 44(a)(1), to wit, they each have a certificate under oath of the legal custodian stating that the custodian is in fact the custodian and the appropriate' law requires that the record be kept.
In view of the above, the trial court erred in failing to admit these crucial documents.
It appears that the trial court applied the requirement of rule 44(a)(2) to the questioned affidavits. Rule 44(a)(2) applies to “Foreign” documents; that is, documents of *741 some place other than those places enumerated in rule 44(a)(1).
Rule 44(a)(2) does require that the offered document bear the attestation of the “person authorized to make the attestation, and accompanied by a final certification as to the genuineness of the signature and official position (1) of the attesting person .... ” As seen from the above, this rule is not applicable in the instant appeal.
We are constrained to comment further. Some confusion has arisen in the general area of the inquiry of this appeal as a result of dicta in the case of Sea Scaping Const. Co., Inc. v. McAtee, 402 So.2d 919 (Ala. 1981).
Sea Scaping involved a State of Alabama document. The Alabama Supreme Court in dicta stated:
“It is clear that the letter in question, though bearing a signature purporting to be that of the Secretary of State, was not accompanied by any certificate verifying that signature and that person as the custodian. Accordingly, the letter was not self proving and was improper evidence for the purpose of summary judgment .... ”
402 So.2d at 920.
With all due respect to our supreme court in general and with deference to the distinguished jurist who authored the opinion, we do not believe the above is a correct statement of the applicable law. Since the dicta of Sea Scaping is not applicable to the instant appeal (since we are not concerned with a State of Alabama document and clearly have the required verification certificate), we will not belabor this point. However, we refer interested parties to 2 C. Lyons, Alabama Practice, Author’s Comments, 44.1 Special Note, pp. 28-29, wherein Sea Scaping is discussed. We believe Lyons’s comments to be correct.
As indicated, we are required to reverse this case. The error can hardly be considered harmless. See Rule 45, A.R.A.P. A reading of our prior opinion will clearly reveal why the error is not harmless; i.e., the offered evidence is the basis of the employer-appellant’s “defense.”
The employer-appellant has requested this court to reverse and render this case. We do not feel this can be done. However, on remand we would point out that while the employer has the burden of proving that the prior marriage was undissolved, see Courtaulds North America, Inc. v. Lott, supra, such burden must not require the impossible.
The case is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.