BRADLEY, Judge.
This appeal is from a summary judgment.
Gilpin Brokerage Company, Inc. (Gilpin), an Alabama corporation, leased a photocopier from Allstate Business Systems, Inc. (Allstate), a Georgia corporation. Allstate assigned the lease, without recourse, to Northwest Acceptance Corporation (Northwest), an Oregon corporation.
Thereafter, Gilpin experienced problems with the photocopier. After Allstate’s repair attempts failed to satisfy Gilpin, Gilpin ceased making payments to Northwest. On November 4, 1983 Northwest filed a complaint against Gilpin in the Circuit Court of Multnomah County, Oregon. Gil-pin made no appearance, and a default judgment was entered on January 3, 1984. Gilpin did not appeal the judgment and it remains unsatisfied.
On November 29, 1983 Gilpin filed a complaint against Allstate and Northwest in the Montgomery County Circuit Court, alleging breach of implied warranty. On March 27, 1984 Northwest answered, rais *1162 ing the Oregon judgment as a defense. On the same date, Northwest counterclaimed against Gilpin, seeking to enforce its Oregon judgment. Gilpin answered the counterclaim, asserting that there was no Oregon judgment against it, but if there was it was void for lack of jurisdiction in the Oregon courts, and that service of process had not been obtained.
The case was settled as to Allstate, and Allstate was dismissed as a party defendant. Northwest filed two motions for summary judgment; the first motion sought judgment on behalf of Northwest in Gil-pin’s case in chief, and the second motion sought judgment against Gilpin on Northwest’s counterclaim. Gilpin answered the motions for summary judgment. After a hearing the trial court granted both motions for summary judgment. Gilpin then filed a motion for reconsideration of the summary judgment on Northwest’s counterclaim, and the trial court denied the motion. Gilpin appeals and limits its argument to the granting of a summary judgment on Northwest’s counterclaim.
Gilpin argues several grounds for its assertion that the trial court erred in enforcing the Oregon judgment. The ground that the Oregon judgment was not properly authenticated and is therefore inadmissible is dispositive of the appeal, hence the other grounds argued will not be considered.
Northwest offered into evidence a copy of the Oregon judgment certified by the Multnomah County, Oregon Court Administrator, who asserted he had legal custody of the court’s records. Also, the copy had affixed to it the Oregon state seal. Gilpin argues that this certification does not meet the requirements of section 12-21-70, Code 1975, and rule 44(a)(1), Alabama Rules of Civil Procedure, thus the copy of the Oregon judgment was not properly authenticated. Not being properly authenticated, the copy of the Oregon judgment should not have been the basis for the summary judgment in Alabama.
Section 12-21-70, Code 1975, has been superseded by rule 44 of the Alabama Rules of Civil Procedure. Appendix IIA, A.R.Civ.P.; Dean v. Dean, 447 So.2d 728 (Ala.Civ.App.1982), rev’d on other grounds, 447 So.2d 733 (Ala.1984). Therefore, the requirements of section 12-21-70, Code 1975, for the authentication of out-of-state judgments no longer apply in Alabama.
Rule 44(a)(1), A.R.Civ.P., provides as follows:
“(a) Authentication.
“(1) Domestic. An official record kept within the United States, or any state, district, commonwealth, territory, or insular possession thereof, or within the Panama Canal Zone, or the Trust Territory of the Pacific Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by a person purporting to be the officer having the legal custody of the record, or his deputy. If the official record is kept without the state, the copy shall be accompanied by a certificate under oath of such person that he is the legal custodian of such record and that the laws of the state require the record to be kept.”
The copy of the Oregon judgment contains a certification that satisfies the requirement of the first sentence in 44(a)(1), i.e. the copy of the Oregon judgment contains an attestation that the Multnomah County Circuit Court Administrator is the keeper of that court’s record.
Gilpin says that the requirements of the first sentence in 44(a)(1) apply only to copies of Alabama judgments offered in evidence in an Alabama court. Gilpin goes further to say that the second sentence in 44(a)(1) applies to out-of-state judgments offered in evidence in an Alabama court.
The first sentence of 44(a)(1) requires only that a copy of an official record be attested by the person purporting to be the legal custodian of the record or his deputy. The second sentence of 44(a)(1) requires that a copy of an out-of-state record be accompanied by a certificate under oath of the legal custodian of the record that he is the legal custodian of such record and that *1163 the laws of that state require the record to be kept.
The Committee Comments suggest that rule 44 provides one simple method of proving official records and consolidates many statutes, including section 12-21-70, into the rule. The Comments specifically provide that the last sentence of 44(a)(1) accomplishes the same purpose as section 12-21-70. Section 12-21-70 prescribes the manner in which out-of-state judgments must be authenticated so as to make them admissible in evidence in an Alabama court. As noted by the Advisory Committee, 44(a)(1) simplifies this procedure. It eliminates one of the certificates required by section 12-21-70.
If the second sentence of 44(a)(1) is intended to simplify the requirements of section 12-21-70, obviously the second sentence is intended to apply to out-of-state judgments. See Courtaulds North America, Inc. v. Lott, 435 So.2d 738 (Ala.Civ.App.1983). Consequently, the first sentence would necessarily have to apply to Alabama records offered in evidence in an Alabama court in order to abide the interpretation placed on the second sentence by the Advisory Committee. Insofar as our case of Dean v. Dean, supra, is contrary to the holding in this case, it is overruled.
This interpretation of the two sentences in section 44(a)(1) results in the second sentence being a limitation on the field of operation of the first sentence. In other words, the two sentences are given separate fields of operation. Such a construction comports with the spirit of the Rules of Civil Procedure by simplifying the procedure for admitting copies of judgments in evidence in an Alabama court and providing a specific procedure for admitting into evidence in an Alabama court copies of in-state as well as out-of-state judgments.
In the case at bar the copy of the Oregon judgment did not contain the certificate required by the second sentence of 44(a)(1); consequently, it was inadmissible in evidence. Therefore, the trial court erred in making it the basis for its summary judgment.
The summary judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.