CS ASSETS, LLC Plaintiff,

v.

H & H REAL ESTATE DEVELOP-
MENT, INC., et al. Defendants

v.

John MOSHER and Binnacle
Management, Inc. Third
Party Defendants

No. CV–04–HS–2260–S.

United States District Court,
N.D. Alabama,
Southern Division.

Jan. 10, 2005.

David B. Anderson, Ryan Cochran, Wal-
ston Wells Anderson & Bains LLP, Bir-
mingham, AL, for Plaintiff.

Gayle Douglas, Lee R. Benton, Benton
& Centeno LLP, Birmingham, AL, for De-
fendant.

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

HOPKINS, District Judge.

The case is before this Court on the Motion to Dismiss filed by the Defendants H & H Real Estate Development, Inc, H & H Real Estate Partnership, Wee Care Academy, Inc., Wee Manage Inc., Elias Hendricks, Jr., and Gaynell Hendricks. (Doc. 9.) The Defendants' sole basis for moving to dismiss the Complaint is based upon section 10–12–52 of the Alabama Code of 1975. *See* ALA. CODE 1975, § 10–12–52 (Michie 1998).

The Plaintiff CS Assets, LLC is a limited liability company ("LLC") organized under the laws of Nevada. The Defendants argue that because the Plaintiff is a foreign LLC that had not registered with the Alabama Secretary of State at the time it commenced the instant proceeding, the Plaintiff is barred under section 10–12–52(a) from maintaining this action in a court located in Alabama. In response, the Plaintiff informs the Court, and the Court takes judicial notice, that on September 1, 2004, the Plaintiff registered with the Alabama Secretary of State. The Plaintiff argues that its subsequent registration cures any possible defect in their suit under section 10–12–52(a). Defendants respond that under section 10–12–52 the Plaintiff cannot subsequently cure the defect in its suit caused by its failure to register.

The Court's analysis begins, as it must, with the language of section 10–12–52(a) itself. Section 10–12–52(a) of the Code provides that "[a] foreign limited liability company transacting business in this state may not maintain any action, suit, or proceeding in any court of this state until it has registered in this state." ALA. CODE 1975, § 10–12–52. The plain language of the provision provides that the bar against maintaining suits applies only "until" the

foreign LLC registers. ALA. CODE 1975, § 10–12–52(a). Merriam–Webster's Dictionary defines "until," when used as a conjunction as it is in section 10–12–52(a), to mean "up to the time that: up to such time as." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, 1292 (10th ed.2000). Thus, under a plain reading of the section, the provision imposes no bar to "maintaining" an action *after* registration.

This raises the question of what it means to "maintain" an action, suit, or proceeding. The Defendants argue that the Court should interpret the word "maintain" to mean "to file" or "to commence." So construed, the Defendants argue that by commencing this proceeding prior to registering, the Plaintiff has done precisely what the statute forbids and the proceeding must be dismissed as void. However, the Defendants' construction of the word "maintain" is unduly narrow. Merriam–Webster's Dictionary defines "maintain" as follows:

**1:** to keep in an existing state (as of repair, efficiency, or validity): preserve from failure or decline < ~ machinery> **2:** to sustain against opposition or danger: uphold and defend < ~ a position> **3:** to continue or persevere in: CARRY ON, KEEP UP <couldn't ~ his composure> **4 a:** to support or provide for <has a family to ~> **b:** SUSTAIN <enough food to ~ life> **5:** to affirm in or as if in argument: ASSERT < ~ that the earth is flat> ....

MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY, 700 (10th ed.2000). While definition five might be interpreted as consistent with the Defendants' proposed definition, the remaining four definitions support the Plaintiff's position; if "maintain" is construed to mean any of the first four definitions, the instant motion is due to be denied because, having registered, the Plaintiff now is entitled "to keep in an existing state" or "to sustain" or "to continue or persevere [in]" the instant action. Consequently, the Defendants err in their reliance on the plain meaning of "maintain" to support their interpretation of section 10–12–52(a). The plain meaning of "maintain" is ambiguous and therefore nondispositive of the issue.

Looking beyond subsection (a) of section 10–12–52, the Court finds that subsection (b) of the statute provides clear guidance that the provision should be interpreted to allow a party to cure its failure to register. Section 10–12–52(b) provides that "[t]he failure of a foreign limited liability company to register in this state does not impair the validity of any contract or act of the foreign or limited liability company or prevent: [sic] the foreign limited liability from defending any action, suit, or proceeding in any court of this state." ALA. CODE, § 10–12–52(b). This provision must be read in comparison to section 10–2B–15.02(a), which provides that when a foreign corporation transacts business in this state without first obtaining a certificate of authority, the contracts it enters into "shall be held void." *see* ALA. CODE, § 10–2B–15.02(a) (Michie Supp.2003). Alabama courts have interpreted this language as preventing a foreign corporation from subsequently filing a certificate of authority and thereby cure its previous failure to do so. *See, e.g., Sea Scaping Construction Co., Inc. v. McAtee,* 402 So.2d 919, 921–22 (Ala.1981). Section 10–2B–15.02 addresses foreign corporations and not foreign LLCs. *See id.* Even so, the comparison of the two provisions is relevant because section 10–2B–15.02(a) demonstrates that the Alabama legislature knew how to draft language to prevent a party from curing its failure to register. In drafting section 10–12–52(b), the Alabama Legislature enacted language that directly contradicts the language in section 10–2B–15.02(a) that prevents a party from curing its failure to register. This choice in draftsman-

ship is strong evidence of the Legislature's intent that section 10–12–52 should allow a party to cure its failure to register.

Against these considerations, the Defendants have failed to present any authority interpreting section 10–12–52 to preclude a party from subsequently curing a previous failure to register. Instead, the Defendants rely on cases interpreting section 10–2B–15.02. Defendants argue that section 10–2B–15.02 is analogous to section 10–12–52 and that, because section 10–2B–15.02 does not permit a foreign corporation to subsequently cure its failure to obtain a certificate of authority, section 10–12–52 similarly should be interpreted to preclude the possibility of curing. As discussed above, however, the two provisions are not analogous. Due to the material differences in section 10–2B–15.02(a) and 10–12–52(b), the cases interpreting section 10–2B–15.02 to preclude foreign corporations from curing defects in their suits are distinguishable.

According, the Court holds that a limited liability company who fails to register as required by section 10–12–52(a) is permitted to continue with any action it filed prior to registration so long as the company duly registers prior the court's determination of a motion to dismiss. As the Plaintiff now has registered, section 10–12–52 imposes no bar to the Plaintiff "maintaining" the instant proceeding. Accordingly, the Defendants have not established that the Plaintiff's action must be dismissed.

Because the Court has determined to deny the motion to dismiss on the ground that the Plaintiff has cured any potential defect under section 10–12–52(a), the Court does not need to examine possible alternative grounds for denying the motion, such as because Amendment 154 of the Alabama Constitution may give a foreign LLC standing to sue to collect monies owed on a mortgage note, *see* ALA.

CONST., amend. 154, or because section 10–12–52(a) is inapplicable because CS Assets is engaged solely in interstate commerce. *See, e.g., Carbon Processing Co. v. Lapeyrouse Grain Corp.*, 779 F.2d 1541, 1543–44 (11th Cir.1986) (application of Alabama qualification statute on a foreign corporation engaged in interstate commerce, even when contract was made in Alabama, violates the Commerce Clause); *Foxco Indus. Ltd. v. Fabric World, Inc.*, 595 F.2d 976, 980 (5th Cir.1979) (where foreign corporation's activities are interstate in nature, Alabama qualification statutes do not apply); *N. Ala. Marine, Inc. v. Sea Ray Boats, Inc.*, 533 So.2d 598, 601 (Ala. 1988)(same); *WMX Technologies, Inc. v. Jackson*, 168 F.R.D. 64, 69 (M.D.Ala.1996) (same).

The Defendants' Motion to Dismiss (doc. 9) is **DENIED.**